**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KERRY FEDER, on behalf of herself and the putative class, | : : : |
| Plaintiffs, | : **OPINION** |
| v. | : Civ. No. 2:11-03070 (WHW) |
| WILLIAMS-SONOMA STORES, INC., | : : |
| Defendant. | : : : |

**Walls, Senior District Judge**

This case is about a Williams-Sonoma, Inc. ("Williams-Sonoma") employee allegedly requiring the plaintiff to provide her zip code as part of a credit card transaction. The plaintiff is suing under New Jersey's Truth-in-Consumer Contract, Warranty and Notice Act, N.J. Stat. Ann. §§ 56:12-14 to -18, ("TCCWNA"). The plaintiff requests leave to withdraw her invasion of privacy claim, which the Court grants. The defendant moves for dismissal of the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Under Rule 78 of the Federal Rules of Civil Procedure, the motions are decided without oral argument. The defendant's motion to dismiss the TCCWNA claim is granted; the plaintiff's cross-motion for leave to file an amended complaint is denied.

### FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of a purchase the plaintiff, Kerry Feder, made at a Williams-Sonoma store using a credit card on May 16, 2011. According to Ms. Feder, a Williams-Sonoma employee required her to provide her zip code and recorded it into the electronic cash register.

**NOT FOR PUBLICATION**

Ms. Feder is bringing this suit as a putative class action on behalf of herself and "All New Jersey residents from whom Defendant requested and recorded personal identification information in conjunction with a credit card transaction in the six year period prior to the filing of Plaintiff's complaint." Compl. ¶ 20.

The plaintiff filed this lawsuit in Essex County Superior Court. The defendant removed the case to this Court on based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d). The defendant then filed a motion to dismiss the plaintiff's complaint. The plaintiff opposes the motion to dismiss and has filed a cross-motion for leave to file an amended complaint.

## STANDARD OF REVIEW

Disputes over whether a plaintiff has Article III standing must be resolved before proceeding to the merits of the plaintiff's claims. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93-102 (1998); Bowers v. Nat'l Collegiate Athletic Ass'n, 346 F. 3d 402, 415-416 (3d Cir. 2003). Standing consists of satisfaction of three elements. First, Article III requires the plaintiff to establish injury in fact, which means "invasion of a legally protected interest which is (a) concrete and particularized …; and (b) actual or imminent, not 'conjectural' or 'hypothetical.'" Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (internal citations omitted). Second, the plaintiff must establish a causal connection between the injury and the conduct complained of. Id. Finally, she must establish that it is likely that the injury will be redressed by a favorable decision. Id. at 561.

Courts should conduct a two-part analysis to evaluate a motion to dismiss for failure to state a claim.

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may

NOT FOR PUBLICATION

> disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d Cir. 2009) (quoting Ashcroft v.Iqbal, 129 S. Ct. 1937, 1949-50 (2009)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "Although … we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Id. at 1949-50 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

If a complaint fails to state a claim upon which relief can be granted, a plaintiff is ordinarily granted the right to amend the complaint. Foman v. Davis, 371 U.S. 178, 182 (1962). "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice and futility." In re Burlington Coat Factory Securities Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) (citing Foman, 371 U.S. at 182). "An amendment is futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." Id.; accord. Smith v. Nat'l Collegiate Athletic Ass'n, 139 F. 3d 180, 190 (3d Cir. 1998).

### DISCUSSION

### I.     Truth-in-Consumer Contract, Warranty and Notice Act (TCCWNA)

The plaintiff bases the majority of her claim on the TCCWNA. The relevant allegations can be found in "Count One" of the complaint. In part, the plaintiff alleges that:

> 36.    Defendant's electronic credit card transaction forms into which consumers' zip codes are recorded constitute consumer contracts and/or notices that are subject to TCCWNA. …

**NOT FOR PUBLICATION**

> 39. TCCNWA, at N.J.S.A. 56:12-15, prohibits any seller from offering, entering into, giving or displaying a written consumer contract or notice that violates a clearly established right of the consumer or responsibility of the seller as established by New Jersey or Federal law.

Compl. ¶¶ 36, 39. The Court finds that the complaint fails to sufficiently allege conduct in violation of the TCCWNA.

### a. Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1)

The defendant argues that the plaintiff lacks Article III standing under Rule 12(b)(1) because, according to the defendant, she has not alleged injury. Def. Br. at 29-37. The TCCWNA "provides a remedy even if a plaintiff has not suffered any actual damages." Barrows v. Chase Manhattan Mortgage Corp., 465 F. Supp. 2d 347, 362 (D.N.J. 2006). The statute provides that "Any person who violates the provisions of this act shall be liable to the aggrieved consumer for a civil penalty of not less than $100.00 or for actual damages, or both …." N.J. Stat. Ann. § 56:12-17. Legislatures may "enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute." Linda R.S. v. Richard D., 410 U.S. 614, 617 n.3 (1973). Putting aside the merits of the claim that defendant's conduct violated the TCCWNA, the plaintiff has alleged that she was personally subject to the conduct she alleges violates the TCCWNA. This is enough to establish the injury element of standing. See Barrows, 465 F. Supp. 3d at 362.

### b. Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

To state a claim under TCCNWA the plaintiff must allege that the seller "offer[ed] … or enter[ed] into any written consumer contract or g[a]ve or display[ed] any written consumer warranty, notice or sign … which includes any provision that violates any clearly established legal right of a consumer or responsibility of a seller …." N.J. Stat. Ann. § 56:12-15. To state a claim under the TCCWNA the plaintiff must identify a particular provision of the written

**NOT FOR PUBLICATION**

consumer contract that violates her rights.  See Rivera v. Washington Mut. Bank, 637 F. Supp. 2d 256, 268 (D.N.J. 2009); Skypala v. Mortgage Electronic Registration Systems, Inc., 655 F. Supp. 2d 451, 459 (D.N.J. 2009).  The plaintiff fails to identify any provision of a written consumer contract which violates State or Federal law.

The plaintiff alleges that the "credit card transaction form … constitutes the written sale contract upon which Plaintiff's TCCWNA claim is premised."  Pl. Br. at 20 (citing Compl. ¶¶ 17, 36, 42).  Whether this credit card transaction form constitutes a "written sale contract" is a legal conclusion, not a fact.  Even assuming that the credit card transaction form constitutes a "written consumer contract" to which the TCCWNA applies, the only writing the plaintiff alleges can be found on the credit card transaction form is information obtained from her credit card swipe and her zip code.  The existence of the recorded zip code itself, which consists solely of numbers, does not constitute a contract provision that violates the plaintiff's rights.

The plaintiff alleges that the requirement that she provide her zip code was conveyed to her orally and not in writing.  It is this requirement that the plaintiff provide her zip code, not the recordation of the zip code itself, that the plaintiff alleges is the contract provision that violates her rights under New Jersey law, specifically N.J. Stat. Ann. § 56:11-17.  The alleged requirement that plaintiff provide her zip code would only violate the TCCWNA if it was a provision of a written contract.  Even if the credit card transaction form constitutes a written consumer contract, plaintiff has not alleged that this "contract" contains a written provision that violates State or Federal law.

Having determined that the plaintiff has failed to state a claim for violation of the TCCNWA based on that statute's elements, it is not necessary for this Court to address whether she has sufficiently plead violation of N.J. Stat. Ann. § 56:11-17, Restrictions on Information

**NOT FOR PUBLICATION**

Required to Complete Credit Card Transactions. The plaintiff alleged violation of N.J. Stat. Ann. § 56:11-17 solely as a predicate for her TCCNWA claim. She does not claim to have standing under N.J. Stat. Ann. § 56:11-17.

### II.     Privacy Claim

The complaint asserted a violation of the plaintiff's privacy. Compl. ¶¶ 44-50. In her Memorandum of Law in Opposition to Defendant's Motion to Dismiss the plaintiff requested leave to withdraw this claim. Pl. Br. at 1, 5-6. The Court dismisses this claim based on the plaintiff's request pursuant to Federal Rule of Civil Procedure 41(a)(2).

### III.    Cross-Motion to Amend

The plaintiff's cross-motion for leave to file an amended complaint with respect to her TCCWNA claim is denied because the plaintiff's proposed amendments would not cure the defects in her original complaint. The proposed amended complaint repeats verbatim the relevant TCCWNA allegations numbered 36 and 39 in the original complaint, renumbered 34 and 37 in the proposed amended complaint. The plaintiff has proposed no additional factual support for her conclusory statements that the credit card transaction form is a written consumer contract, and she has not alleged that a written provision of this "contract" violates her rights. The amended complaint would fail as a matter of law for the same reasons as the original complaint.

### CONCLUSION

The plaintiff's TCCNWA claim and her invasion of privacy claim are dismissed. The plaintiff's request to amend the complaint is denied as futile.

                                            s/ William H. Walls
                                            United States Senior District Judge